IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOs.: 1:19-CR-376 and 1:19-CR-620 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN SHEAR, | ) | GOVERNMENT'S TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America submitting its trial brief for cases 1:19-CR-376 and 1:19-CR-620. The government has filed this trial brief on both dockets.

**I. Order and Length of Trials**

Neither party has moved to join the indictments under Federal Rule of Criminal Procedure 13. The government therefore expects to try the two indictments separately and in the following order:

1. Indictment 19-CR-376: Expected length – 1 day
2. Indictment 19-CR-620: Expected length – 2 days

**II. Summary of Government's Evidence**

**a. 1:19-CR-376 (Parole Arrest of Shear with Ammunition)**

On January 30, 2018, Shear went to the Adult Parole Authority (APA) office in Cleveland to meet with his parole officer, Jennifer Williamson. Shear was on post-release control at the time, and Ofc. Williamson had arranged the meeting in order to arrest Shear for violating the terms of his electronic monitoring equipment.

After arriving in the lobby, Shear was escorted to an interview room and placed under arrest by Ofc. Williamson and Ofc. Joseph Suciu.  During a search incident to arrest, Ofc. Suciu found one round of 9mm ammunition in Shear's front pants pocket.  Shear claimed that he had found the bullet in the lobby.  Ofc. Williamson reviewed surveillance footage from the lobby camera, which did not corroborate Shear's claim.

Shear had prior felony convictions that made it illegal for him to possess ammunition under federal law.  ATF Special Agent Gerrod Briggs, an expert in firearms and ammunition, determined that the 9mm round had been manufactured outside of Ohio.

### b.  1:19-CR-620 *(Arrest of Shear in Hotel Room with Three Guns)*

After the arrest by his parole officers in January 2018, Shear was released back onto post-release control.  Several months later, Shear became a fugitive, wanted for a vehicular assault in Cuyahoga County.  In August 2018, the U.S. Marshals Service (USMS) fugitive task force adopted the case and began looking for Shear.

On August 15, 2018, the USMS responded to the Days Inn in Willoughby, Ohio, after receiving information that Shear was staying there with his girlfriend, Kerri Reyes.  Reyes was also wanted on an arrest warrant, but she was not a convicted felon at the time.  After speaking to the Days Inn manager, the USMS learned that Room 235 was rented under the name Joseph Huber, who the USMS recognized as one of Shear's associates.  The USMS surrounded Room 235 and knocked on the door.  At first there was no response.  After knocking a second time, the USMS heard a male voice in the room yell, "Don't come in here because if you do I will shoot you and I have a hostage."  The male repeated the threat several more times.  The USMS were able to look through the window and see that the male was Shear.  A negotiator made contact

2

with Shear using a cell phone, and after a brief conversation, Shear agreed to surrender. Shear and Reyes both came out of the room and were handcuffed.

The USMS then swept the hotel room to make sure no one else was inside. Sitting in the bottom of the hot tub, in plain view, the USMS saw a .45 caliber handgun. At this point, the USMS called an APA officer to conduct a full parole search of the room, since Shear was still on post-release control at the time. APA officers responded and found the following items during a search of the hotel room:

- .45 caliber AMT pistol, found in the hot tub;
- Magazine containing .45 caliber ammunition, found in a chair cushion;
- .25 caliber Bauer pistol, found in a sofa;
- .40 caliber Beretta pistol, found in another sofa;
- Black handgun holster, found under the sink;
- Digital scale, found in the bathroom next to a tissue box;
- Mason jar of suspected marijuana, found in a bag near the door; and
- Crack pipes and steel wool, found in a trash can;

Officers swabbed the firearms evidence for DNA and submitted the swabs to Ohio BCI for analysis. BCI determined that Kerri Reyes' DNA was on two of the firearms, as well as the .45 caliber firearm magazine and the .45 caliber rounds. BCI also determined that a male's DNA profile was on two of the firearms and the firearm magazine, but there was not enough detail in the male's DNA profile to determine whether or not it was Shear.

The government also obtained a jail call between Reyes and Shear on August 22, 2018, one week after they were arrested in the hotel room. In the call, the two discuss how they were taking drugs together before being arrested, and whether the ATF would charge them federally

3

with possessing the guns. Shear speculated to Reyes that the ATF could not "pin them guns on me [because] those guns that was in that room, had everybody's fingerprints that was in that room on them guns."

ATF Special Agent Gerrod Briggs determined that all of the firearms and ammunition found in the hotel room had been manufactured outside of Ohio.

## III. Legal Issues

### a. Stipulations

The government has offered to stipulate to (1) Shear's status as a convicted felon (including his knowledge of being a convicted felon), and (2) the interstate nexus element for the firearms and ammunition. As of the date of this filing, Shear's counsel has not responded to this offer.

If Shear declines to stipulate to having a prior felony conviction and having knowledge of his status as a felon, the government intends to prove that element by introducing certified copies of Shear's prior convictions, and eliciting testimony from his parole officer. *See United States v. Johnson*, 803 F.3d 279 (6th Cir. 2015) (district court did not err in allowing government to introduce defendant's prior felony convictions in 922(g) trial since defendant declined to stipulate to that element).

### b. Jury Instructions

The government is filing the Sixth Circuit pattern instructions it requests for each case.

### c. Expert Witness Testimony

The government intends to call two witnesses to offer expert opinions: Julie Altizer, the BCI forensic scientist who conducted a DNA analysis of the firearms evidence found at the Days Inn hotel, will testify in Case 1:19-CR-620, and ATF Special Agent Gerrod Briggs, who

4

conducted the interstate nexus determinations, will testify in both cases. The government has already provided both witness' CV's and written reports in discovery.

Julie Altizer's testimony will include background information on what DNA is and how it is transferred from a person to an object. She will explain that whether or not DNA is left on an object (and the quality any DNA left) depends on a number of factors, including the weather, the type of surface, whether or not the person who touched the object was wearing gloves or some other protective gear, and the amount of time that elapsed between when the person touched the object and the time it was swabbed. She will also explain that DNA on one object can be transferred onto another object it comes into contact with. Finally, she will testify to the results of her analysis, which are reflected in the lab report provided in discovery.

ATF Special Agent Gerrod Briggs will testify that he examined the firearms evidence in both cases and concluded that they were all manufactured outside the State of Ohio. Among other things, SA Briggs determined the make, model, and serial number of each piece of firearms evidence, and compared that to which facility would have manufactured the item. Specifically, SA Briggs determined that the round of 9mm ammunition in Shear's pocket at the APA office was manufactured by Remington in either Connecticut or Arkansas, the Beretta .40 caliber pistol was manufactured in Italy, the AMT .45 caliber pistol was manufactured in California, the Bauer .25 caliber pistol was manufactured in Michigan, the .45 caliber rounds were manufactured by the Federal Cartridge Co. in either Minnesota or Idaho, and the .25 caliber rounds were manufactured by Winchester Ammunition/Olin Industries in either Illinois or Mississippi.

To date, Shear has not informed the government of any challenges he has to these experts, or any experts he intends to call in his defense.

5

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ James P. Lewis
       James P. Lewis (MD: 1412170148)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3958
       (216) 522-7499 (facsimile)
       James.Lewis@usdoj.gov